UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANGEL OLIVARES,                                :        05 Civ. 6094 (SHS)
                                               :
                    Plaintiff,                 :        OPINION & ORDER
                                               :
        -against-                              :
                                               :
UNITED STATES OF AMERICA                       :
                                               :
                    Defendant.                 :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  Angel Olivares, proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Olivares asserts five grounds in support of his petition. He first claims that his sentence, imposed under what was believed to be a mandatory guidelines regime, is unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 2348, 147 L. Ed. 2d 435 (2005). Second, he asserts that after <u>Booker</u> and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the Court erred in failing to submit to a jury the facts necessary to determine his criminal history category. Third, Olivares claims that the limited waiver of appeal rights contained in his plea agreement was unlawful in light of the impending changes in sentencing law at the time of his sentencing. Olivares asserts, fourth, that his counsel was constitutionally ineffective for (1) failing to object to the criminal history category used to calculate his sentence, (2) failing to request an adjournment of sentencing pending <u>Booker</u>, and (3) failing to file a direct appeal from Olivares' sentence. Finally, Olivares claims that his plea allocution was insufficient to support his plea in light of <u>United States v. Gonzales</u>, 420 F.3d 111 (2d Cir. 2005).

1

As set forth more fully below, Olivares' petition is denied because he waived his right to collaterally attack his sentence. Moreover, even if Olivares had not waived this right, his petition would be denied because Booker does not apply retroactively on collateral review, and in any event has no application to Olivares because he was sentenced to the statutory mandatory minimum term; even after Booker and Blakely, the facts necessary to determine a defendant's criminal history category may be found by the district court by a preponderance of the evidence; the limited appeal waiver in Olivares' plea agreement was not unlawful; his counsel was not ineffective; and Olivares' admission during his plea allocution that he conspired to distribute 50 grams or more of "crack" cocaine was sufficient to support his statutorily mandatory 120-month sentence.

I.  BACKGROUND

Olivares was charged along with eight other individuals with violations of the federal narcotics laws. Specifically, Olivares was charged with conspiracy to distribute and possess with intent to distribute "50 grams and more of crack, one kilogram or more of heroin, and five kilograms and more of cocaine" from 1998 to 2002, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) & 846. (Indictment No. 02 Cr. 1331 (SHS).)

Olivares entered into a plea agreement with the government in which he agreed to plead guilty to the single count of the indictment. (Plea Agreement dated Aug. 23, 2003, Ex. B to letter of Asst. U.S. Att'y David M. Rody, Esq., dated Mar. 3, 2006.) In the plea agreement, Olivares stipulated that he had distributed, and conspired to distribute and possess with intent to distribute, more than 50 grams of crack. He also stipulated that his sentencing guidelines range was 120-135 months' imprisonment, based on a criminal history category of III, a total offense level of 29 and a mandatory minimum of 120 months, pursuant to 21 U.S.C. § 841(b)(1)(A). (Id.

at 2-3.) He also agreed to waive his right to seek a downward departure or adjustment from the stipulated sentencing range of 120-135 months' imprisonment. (Id. at 4.) The agreement also set forth that, notwithstanding the stipulated guideline range, "the sentence to be imposed upon the defendant is determined solely by the Court." (Id. at 4-5.) Finally, Olivares agreed that he would not "file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 . . . any sentence within or below the Stipulated Guidelines Range set forth above (120 to 135 months)." (Id. at 5.)

On September 2003, Olivares pled guilty to Count One of the indictment before Magistrate Judge Douglas F. Eaton. When he was questioned as to the factual basis for his guilty plea, Olivares stated: "I sold 13 grams of crack to an undercover agent and conspired with two other co-conspirators to distribute 50 grams and more of crack." (Plea Tr. dated Sept. 2, 2003 at 19, Ex. C to Rody letter ("Plea Tr.").)

This Court sentenced Olivares on September 27, 2004, finding that Olivares' base offense level was 32, that his total offense level was 29, that his criminal history category was III, and that his Sentencing Guidelines range—given the mandatory minimum term under 21 U.S.C. § 841(b)(1)(A)—was 120 to 135 months. (Sentencing Tr. dated Sept. 27, 2004 at 18-19, Ex. D to Rody letter ("Sent. Tr.").) The Court sentenced Olivares to the statutory minimum of 120 months. (Id.) Finally, the Court advised Olivares of his right to appeal the sentence and also advised him that he had waived his right to appeal or collaterally attack the sentence that was imposed. (Id. at 21-22.)

Olivares did not file a notice of appeal. Rather, he filed this petition pursuant to 28 U.S.C. § 2255 in June 2005, and supplemented the petition in November 2005.

3

## II. DISCUSSION

A. <u>Legal Standards</u>

A waiver of the right to collaterally attack or appeal a sentence is enforceable if (1) the waiver was knowing and voluntary and (2) there is no meritorious claim of ineffective assistance of counsel with respect to the process that resulted in the waiver. See <u>Frederick v. Warden, Lewisburg Correctional Facility</u>, 308 F.3d 192, 195-96 (2d Cir. 2002) (collateral attack); <u>United States v. Monzon</u>, 359 F.3d 110, 116-19 (2d Cir. 2004) (appeal).

To prevail on a claim of ineffective assistance of counsel, Olivares must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668-94, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). First, he must show that his counsel's representation fell below an objective standard of "reasonableness under prevailing professional norms," <u>id.</u> at 688, and second, that there is a "reasonable probability" his sentence would have been different but for his counsel's error, <u>id.</u> at 694. "Judicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 698. The Court must indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Cox v. Donnely</u>, 387 F.3d 193, 198 (2d Cir. 2004) (quoting <u>Strickland</u>, 466 U.S. at 689).

B. <u>Analysis</u>

1. Olivares Waived His Right to Collaterally Attack His Sentence.

The plea agreement that Olivares signed set forth that Olivares agreed to waive his right to challenge his sentence either through an appeal or a section 2255 petition if the Court sentenced him to a term of imprisonment within or below the stipulated guidelines range. (Plea Agreement dated Aug. 25, 2003 at 5.) In addition, Olivares testified under oath before

4

Magistrate Judge Eaton that he had read the plea agreement and understood its terms. (Plea Tr. at 9.) Olivares averred that he was acting of his own free will. (Id. at 13.) Finally, the Magistrate Judge explained at length the extent of Olivares' waiver of appeal rights and Olivares said that he understood. (Id. at 11-12.) Magistrate Judge Eaton found that Olivares was fully competent, that he understood the consequences of the plea and that the plea was knowing and voluntary. (Id. at 22.)

Accordingly, the Court concludes that Olivares' limited waiver of his right to collaterally attack his sentence was knowing and voluntary. In addition, Olivares has neither demonstrated nor even alleged any claim of ineffective assistance of counsel with respect to the process that resulted in the waiver. Thus the Court finds Olivares' waiver to be valid and enforceable and will not entertain a collateral attack of Olivares' sentence. See Frederick, 308 F.3d 192.

2. Booker Does Not Apply Retroactively On Collateral Review.

Olivares claims that his sentence was unconstitutional pursuant to Apprendi and Booker because it was imposed under an unconstitutional mandatory guidelines regime. This claim fails for two reasons: Booker does not apply retroactively on collateral review and, in any event, would not apply to Olivares because he was sentenced to the statutory mandatory minimum term.

First, even if Olivares had not waived his right to collaterally attack his sentence, neither Blakely, 542 U.S. 296, nor Booker, 543 U.S. 220, would be available to him because those cases were decided after Olivares' conviction became final, see Moshier v. United States, 402 F.3d 116, 118 & n.1 (2d Cir. 2005) (per curiam), and they do not apply retroactively to section 2255 petitions, Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Carmona v. United States, 390 F.3d 200, 202-03 (2d Cir. 2004).

5

Second, even if Booker did apply to Olivares' sentence, the fact that he was sentenced under a mandatory guidelines regime was at most harmless error, given that Olivares was sentenced to the statutory mandatory minimum term. See United States v. Sharpley, 399 F.3d 123, 126-27 (2d Cir. 2005) (where defendant was sentenced to a mandatory minimum term, the Court "determine[d] without remand that the district court's use of the Guidelines as a mandatory regime was harmless error.").

3. The Court Properly Determined Olivares' Criminal History Category.

Olivares asserts that the Court violated his Sixth Amendment rights by improperly calculating his criminal history category based on judicially found facts, and denying him relief under the "safety valve" provision based on that criminal history category. Olivares does not claim that the Court miscalculated his criminal history points, but that in light of Booker the Court was not permitted to find the facts—such as that one past offense was committed while Olivares was on probation and that two past convictions were not "related"—on which Olivares' criminal history category was based.

As noted, Booker does not apply retroactively on collateral review. Even if Booker were applicable, however, the judicial findings of which Olivares complains were not improper. "[I]t is well established that a court may find the fact of a prior conviction by a preponderance of the evidence and may base the defendant's sentence upon that finding without violating the defendant's Sixth Amendment rights." United States v. Barrero, 425 F.3d 154, 157 (2d Cir. 2005). This rule, established in Almendarez-Torres v. United States, 523 U.S. 224 (1998) and reaffirmed by Apprendi and Booker, permits the district court to make factual findings not only regarding the fact of a prior conviction, but also regarding the sentence imposed for those convictions, as "those facts are sufficiently interwoven with the facts of the prior crimes that

6

Apprendi does not require different fact-finders and different burdens of proof." Barerro, 425 F.3d at 157 (citing United States v. Santiago, 268 F.3d 151, 156 (2d Cir. 2001)) (internal quotation marks omitted); see also United States v. Fagans, 406 F.3d 138, 141 (2d Cir. 2005) (applying the Almendarez-Torres rule to a two-point increase in a defendant's criminal history score based on a judicial finding of the fact that the defendant was serving a probation term at the time of the offense, finding that "[w]hile the exact scope of the phrase 'fact of a prior' conviction has yet to be determined, the conviction itself and the type and length of a sentence imposed seems logically to fall within this exception") (internal citation omitted).

4. The Appeal Waiver in Olivares' Plea Agreement Was Not Unlawful.

The limited waiver of appeal in Olivares' plea agreement was "unlawful," he claims, because it "was based on a misapprehension of the law and legal procedure," as revealed after the fact by Booker. This claim has been expressly foreclosed by the Second Circuit. See United States v. Rogue, 421 F.3d 118, 121 (2d Cir. 2005) ("[A] defendant who, prior to January 12, 2005, entered an otherwise enforceable plea agreement that included a waiver of right to appeal a sentence may not seek to withdraw his plea based on alleged mistake as to the mandatory nature of the United States Sentencing Guidelines.").

5. Olivares' Counsel Was Not Constitutionally Ineffective.

Olivares claims that his counsel, George R. Goltzer, Esq., was constitutionally ineffective for (1) failing to object to the criminal history category used to calculate his sentence, (2) failing to request an adjournment of sentencing pending Booker, and (3) failing to file a direct appeal of his sentence. Because none of these actions were objectively unreasonable, nor did they "render the result of the [proceeding] unreliable or . . . fundamentally unfair," Lockhart v. Fretwell, 506

U.S. 364, 369, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993) (quoting Strickland, 466 U.S. at 687), Olivares' counsel was not constitutionally deficient.

Goltzer did not improperly fail to object to the criminal history category used to calculate Olivares' sentence because there was no reasonable grounds to do so. Olivares' only criticism of the calculation of his criminal history category stems from his Booker-based assertion that the Court is not permitted to find the facts underlying that calculation. As previously set forth, Olivares' Booker contention is unavailing; moreover, at the time of sentencing, Booker had not yet been decided. To decline to raise a failing or non-existent claim is well "within the wide range of reasonable professional assistance." Strickland, 486 U.S. at 689.

Moreover, Goltzer's failure to adjourn Olivares' sentencing until after the Supreme Court issued its decision in Booker was not unreasonable. Olivares informed the Court at sentencing that he sought to preserve his Blakely rights. (See Sent. Tr. at 3.) He thereby preserved the issue for appeal. Moreover, Olivares has cited no law establishing a defendant's right to have his sentencing adjourned on the chance that an intervening change in the law might work to his benefit.

Last, Olivares' counsel was not ineffective for failing to file a direct appeal on Olivares' behalf. As set forth above, the waiver of appellate rights contained in the plea agreement was knowing, voluntary and valid. Thus, Goltzer did not act in a professionally unreasonable manner in not filing a notice of appeal. Moreover, Olivares was not prejudiced since he validly waived his right to appeal and he was sentenced to the statutory minimum sentence of 120 months, which is not affected by the guidelines, regardless of whether they are mandatory or advisory.

6.  Olivares' Plea Allocution Was Sufficient To Support His Sentence.

Olivares allocated to a drug quantity sufficient to trigger the mandatory minimum sentence of 120 months for aggravated drug offenses pursuant to 21 U.S.C. § 841(b)(1)(A), stating at his plea allocution that he "sold 13 grams of crack to an undercover agent and conspired with two other co-conspirators to distribute 50 grams and more of crack." (Plea Tr. at 18-19). Olivares' allocution is thus more than sufficient to satisfy the requirement set forth in United States v. Gonzalez, 420 F.3d 111, 131 (2d Cir. 2005), that "[d]rug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support a conviction or a sentence on an aggravated offense under § 841(b)(1)(A)."

## III. CONCLUSION

Olivares' petition is denied because he waived his right to appeal or collaterally attack his sentence; Blakely and Booker do not apply retroactively on collateral review; he did not receive ineffective assistance of counsel; and his allocution was sufficient to support his sentence for an aggravated drug offense.

In addition, because Olivares has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000); Soto v. United States, 185 F.3d 48, 51-53 (2d Cir. 1997). Finally, pursuant to 28 U.S.C. § 1959(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Dated: New York, New York
July 24, 2006

SO ORDERED:

Sidney H. Stein, U.S.D.J.

9